09-2212-ag
Chen v. Holder

BIA
A 098 889 364

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of February, two thousand ten.

PRESENT:
            GUIDO CALABRESI,
            ROBERT A. KATZMANN,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

_____

YUE YAN CHEN,
            *Petitioner*,

            v.                                  09-2212-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent*.

_____

FOR PETITIONER:        Joan Xie, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; John S.
                       Hogan, Senior Litigation Counsel;
                       Kiley L. Kane, Trial Attorney,
                       Office of Immigration Litigation,
                       Civil Division, United States
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Yue Yan Chen, a native and citizen of the People's Republic of China, seeks review of a May 12, 2009, order of the BIA denying her motion to reopen her removal proceedings. *In re Yue Yan Chen*, No. A 098 889 364 (B.I.A. May 12, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1)

Here, the BIA did not abuse its discretion in denying Chen's motion to reopen because the evidence she sought to introduce, her sister's letter, was previously available and could have been presented at her merits hearing. *Id.* During that hearing, the IJ asked Chen why her sister failed

2

to submit a letter on her behalf. Chen first replied that she had asked her sister to write a letter but "d[id]n't know why she didn't write it," then stated that her sister "had a lot of work to do."  Given such testimony, the BIA did not abuse its discretion in finding that Chen could have submitted her sister's letter at the time of her hearing. *Id.*

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk